**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **CEDRIC M. MCCRAY,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No. 7:26-cv-303-LAG-CHW** |
| **LASALLE CORRECTIONS, LLC, *et al.*,** | : | |
| **Defendants.** | : | |

# ORDER

Pending before the Court is Plaintiff Cedric M. McCray's recast motion to proceed *in forma pauperis* ("IFP") (ECF No.7 ) and motion to appoint counsel (ECF No. 6). For the reasons stated below, Plaintiff's recast motion to proceed IFP is **GRANTED** and his motion to appoint counsel is **DENIED**.

## MOTION TO PROCEED IFP

The Court received Plaintiff's original motion to proceed IFP (ECF No. 2) on October 5, 2026. Because Plaintiff's motion did not include a certified copy of his trust fund account statement, the Court ordered him to recast his motion to proceed IFP along with the required certification form. ECF No. 4 at 1. Plaintiff has now filed his recast motion to proceed IFP with the necessary account certification.[1] ECF No. 7-1. As it appears Plaintiff is unable to pay the cost of commencing this action, his recast motion to proceed IFP (ECF No. 7) is **GRANTED**.

---

[1] Plaintiff requested an extension of time to file his recast his motion to proceed IFP. ECF No. 5. Plaintiff's motion is **GRANTED**.

However, even if a prisoner is allowed to proceed IFP, he must pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

A review of Plaintiff's account certification shows his average monthly deposits were $278.16. ECF No. 7-1. Twenty percent of $278.16 is $55.63. Accordingly, Plaintiff is **ORDERED** to pay an initial partial filing fee of $55.63. Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below. It is accordingly **DIRECTED** that the **CLERK** forward a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

## I. Directions to Plaintiff's Custodian

It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the

$350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II. Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

In conclusion, Plaintiff's recast motion to proceed IFP (ECF No. 7) is **GRANTED**, and Plaintiff is **ORDERED** to pay an initial partial filing fee of $55.63. While Plaintiff's custodian is ordered to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBLITY** to pay the initial partial filing fee. Thus, Plaintiff must arrange with the appropriate official to ensure that the initial partial filing fee is paid in accordance with this Order. Plaintiff shall have **FOURTEEN (14) DAYS** from the

date shown on this Order to pay the required initial partial filing fee to the Clerk of Court. Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above.

Plaintiff's failure to pay the initial partial filing fee will result in the dismissal of this action. Plaintiff shall keep the Court informed of any future address change and his failure to do so may result in the dismissal of this action.

## MOTION TO APPOINT COUNSEL

Plaintiff has also filed a motion to appoint counsel. ECF No. 6. Plaintiff states that he has "limited experience with the law and faces difficulty understanding the law in its entirety. *Id.* "Appointment of counsel in a civil case is not a constitutional right." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). "A court's appointment of counsel in a civil case is warranted only in exceptional circumstances, and whether such circumstances exist is committed to the district court's discretion." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013) (per curiam) (citing *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996)). In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that the appointment of counsel is not justified. Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). As such, Plaintiff's motion for appointment of counsel (ECF No. 6) is **DENIED**.[2] Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **<u>on its own motion</u>**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

**SO ORDERED** and **DIRECTED**, this 3rd day of November, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

[2]The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay counsel for their representation or authorize courts to compel counsel to represent an indigent party in a civil action. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (per curiam) (stating that district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915 provides no such authority).